In the Matter of the Estate of MARY E. MILLER, Deceased.

An amendatory statute has no retroactive effect unless such a legislative intent is discoverable in the act.

The word " children " in the collateral inheritance act of 1885 (Chap. 483, Laws of 1885), did not include an adopted child, and prior to the amend-ment of said act in 1887 (Chap. 713, Laws of 1887), a devise or bequest to an adopted child of the testator was subject to taxation under said act.

Where, prior to the passage of the amendatory act, an order of a surrogate's court had been made affirming an appraisement of the estate of a testa-trix and assessing the amount of tax chargeable to her respective devisees and legatees under the act of 1885, among whom was an adopted child, which tax, however, had not been paid at the time the act of 1887 went into effect; *held*, that the amendatory act did not release said beneficiary from liability under said order.

In proceedings to vacate said order it was objected that it was made without notice to the adopted child. It appeared that appraisers were duly appointed, who gave notice, as required by law, of the time and

place when the appraisal would be made, and that upon the coming in of the appraisers' report the order in question was made. *Held*, that, in the absence of any allegation or proof to the contrary, it was to be presumed that immediately after making the order the surrogate gave the notice prescribed by the act of 1885 (§ 13); and that no prior notice was required.

(Argued June 5, 1888; decided October 2, 1888.)

APPEAL from an order of the General Term of the Supreme Court, in the second judicial department, made February 13, 1888, which affirmed an order of the surrogate of Orange county, denying an application to vacate an order theretofore made by him under the collateral inheritance tax law of 1885. (Reported below, 47 Hun, 394.)

The facts are stated in the opinion.

*William H. Harris* for appellant. By the amendments of 1887 the petitioner was exempted from any tax under the collateral inheritance act of 1885. (*People* v. *Davenport*, 91 N. Y. 585; Potter on Statutes, 164, 191, 192; *Butler* v. *Palmer*, 1 Hill, 333; 1 Kent Com. 455.) Acts which are in favor of the citizen are not obnoxious to constitutional objection as being retrospective. (Potter on Statutes, 167.) Acts of the nature of those under consideration must be taken together, as if they were one and the same act, "and the first must be read as containing in itself the words, the amendment supplied by the last." (Potter on Statutes, 172.) All rights which necessarily depend upon the statute are lost by its repeal. (5 Abb. Dig. 596; 1 Bl. 541; 3 Burr. 1456; 12 Munroe, 357; 4 Bing. 212; *Butler* v. *Palmer*, 1 Hill, 324; *People* v. *Livingstone*, 6 Wend. 526; *People* v. *Gold and Stock Tel. Co.*, 98 N. Y. 78; *Heckman* v. *Pinkney*, 81 id. 211; *U. S.* v. *Claflin*, 97 U. S. 546; *Union Pacific R. R. Co.* v. *Cheyenne*, 113 id. 516.) In looking for the intent of the legislature, not only the language of the statute may be resorted to, but also the circumstances which occasioned its enactment and the object professed in its title,

and if by these aids the intent of the act can be clearly ascertained, effect may be given to it, although no retrospective words are contained in the law. (*People* v. *Molyneaux,* 40 N. Y. 113 ; *People* v. *Suprs. Columbia Co.,* 43 id. 132 ; *Ayers* v. *Lawrence,* 59 id. 196; *People ex rel. Witherbee* v. *Supervisors,* 70 id. 236; *Cook* v. *Wood,* 71 id. 371; *People ex rel.* v. *Davenport,* 91 id. 585 ; *Banks* v. *Quackenbush,* 3 Denio, 594.) All rights depending solely on a statute are lost by its repeal, unless some reservation is made in the repealing statute. (*Moore* v. *Mausert,* 49 N. Y. 332 ; *Benton* v. *Wickwire,* 54 id. 226 ; *Nash* v. *White's Bank of Buffalo,* 105 id. 245 ; *Gorley* v. *Sewell,* 77 Ind. 316 ; *McQuilkin* v. *Doe,* 8 Blackf. 581 ; *Mount* v. *State,* 6 id. 25 ; *Blaiden* v. *Abel,* 6 Iowa, 5 ; *Ryan* v. *Harvey,* 11 Texas, 311 ; *Rafter* v. *Sullivan,* 13 Abb. 263 ; *Cheney* v. *Wolf,* 2 Lans. 188 ; *In re Surrogate of Cayuga Co.* 46 Hun, 657.) Notice of an application for an order directing payment of the tax should have been served on the petitioner. (Cooley on Taxation, 432 ; *McMullen* v. *Anderson,* 95 U. S. 31; *In re McPherson,* 104 N. Y. 323.) No clause having been inserted in the act of 1887 saving taxes, which might have been levied under the act of 1885, but were not, the remedy is gone as to such taxes not levied. (*Ross* v. *Lane,* 11 Miss. 695; *Abbott* v. *Britton,* 23 La. An. 511 ; *Mount* v. *State,* 6 Blackf. 25 ; *McQuilkin* v. *Doe,* 8 id. 581.)

*William Vanamee* for respondent. The law of 1887 had no retroactive effect, and did not operate to destroy a debt already due and payable to the state. (*N. Y & O. M. R. R. Co.* v. *Van Horn,* 51 N. Y. 473 ; *Fitzpatrick* v. *Boylan,* 57 id. 433 ; *Dash* v. *Van Kleeck,* 7 Johns. 499 ; *Jarvis* v. *Jarvis,* 3 Edw. Ch. 462 ; *Berley* v. *Rampacher,* 5 Duer, 183 ; *People* v. *Supervisors of Columbia Co.,* 43 N. Y. 130 , *Wood* v. *Oakley,* 11 Paige, 400 ; *People* v. *Supervisors Ulster Co.,* 63 Barb. 83 ; *People ex rel. Wade* v. *Strack,* 1 Hun, 96 ; *Murray* v. *Gibson,* 15 How. [U. S.] 421 ; *Heong* v. *United States,* 112 U. S. 526 ; *Citizen's Gas-Light Co.* v. *Alden,* 44 N. J. 648 , *North Bridgewater Bk.* v. *Copeland,* 89 Mass. 139 ; *Whitman*

v. *Hapgood*, 10 Mass. 437; *City of New Orleans* v. *L'Hote*,. 35 La. An. 1117; *City* v. *Vergnole*, 33 id. 258; *City of New Orleans* v. *Rhenish W. Lloyds*, 31 id. 781; *City of Oakland* v. *Whipple*, 44 Cal. 303; *Hosmer* v. *People*, 96 Ill. 58; *Price* v. *Mott*, 52 Pa. 315; *Gilman* v. *City of Sheboygan*, 2 Black, 510; *Moran* v. *Com. of Miami Co.*, 2 id. 722; *State* v.. *Kinne*, 4 N. H. 238.) The portions of the sections which are repeated are to be considered as having been the law from the time they were first enacted, and the new provisions are to be understood as enacted at the time the amended act took effect. (*Benton* v. *Wickwire*, 54 N. Y. 226; *Ely* v. *Holton*, 15 id. 595; *People ex rel. Van Keuren* v. *Town Auditors*, 74 id. 310; *People* v. *Com. Town of Palatine*, 53 Barb. 70.) When the legislature intend to give the law of their enactment operation upon the past, they will and must do it with such choice of words as places it beyond the realm of doubt.. (*Citizens' Gas-Light Co.* v. *Alden*, 44 N. J. 648.)

*Thomas F. Wentworth* for executors of George W. Parsons,. deceased. The imposition of the tax itself does not constitute a vested right in the state which the legislature cannot repeal. (Sedg. on Stat. and Const. Law, 202; *Butler* v. *Palmer*, 1 Hill,. 333, 334, 335; Smith's Com. on Stat. Law, 890; *People* v. *Supervisors*, 67 N. Y. 109; *Lamb* v. *Schottlier*, 54 Cal. 322.) In construing a statute the old law must be considered, the mischiefs or inconveniences or hardships produced by it, and then the remedy proposed by the new law or statute. (43 Ill. 215.) We may look to the occasion of the enactment of a law to assist us in determining its character as retro or prospective. (*People, etc.*, v. *Supervisors*, 70 N. Y. 236.) The repeal of a. tax law puts an end to all right to proceed to a levy of taxes under it, even in cases already commenced, unless the right is reserved in the repealing statute, and statutes and statutory remedies for the enforcement of a tax are gone when the statute is repealed without an express saving. (Cooley on Tax. [2d ed.] 18; *Bailey* v. *Mason*, 4 Minn. 550; *Dunwell* v.. *Bidwell*, 8 id. 34; Smith's Com. on Stat. and Const. Construc-

tion, 890; *Beebe* v. *O'Brien*, 10 Wis. 481; *State* v. *Ingersoll*, 17 id. 631; *State* v. *Andrews*, 20 Tex. 230; *McKibben* v. *Lester*, 9 Ohio, 627; *Bennett* v. *Hargas*, 1 Neb. 419; *People* v. *Van Nort*, 64 Barb. 205; *Fenelons' Petition*, 7 Barr [Pa.] 173; *Stoever* v. *Immell*, 1 Watts [Pa.], 258; *North Canal St. Road*, 10 id. 351; *Comm.* v. *Cowley*, 1 Ashmead [Pa.] 179.)

DANFORTH, J.   The question passed upon by the surrogate was brought before him by the petition of Francis Lynch, verified on the 29th of August, 1887, and upon notice to, among others, the executors of the will of Mary E. Miller, to the treasurer of the county of Orange, and to the comptroller of the state of New York.   By that petition it was stated that the testatrix died September 30, 1886, after providing by will that the petitioner should receive the income of a certain portion of her estate until he attained the age of twenty-eight years, and at that time have that portion of the body thereof "absolutely forever;" that the will was admitted to probate in October, 1886, and executors duly appointed; that, on the 24th of March, 1887, they procured an order from the Surrogate's Court affirming an appraisement of the estate of the testatrix and assessing the amount of tax chargeable to her respective devisees and legatees, under the provisions of the "act to tax gifts, legacies and collateral inheritances in certain cases," passed June 10, 1885 (Chap. 483 of the Laws of 1885), and in which order the petitioner was named as legatee and devisee of a share valued at $223,261, and the tax chargeable thereon fixed at $11,163.10; that this tax has not been paid. The petitioner asked that the order imposing it should be vacated as one made inadvertently, because (1st) he was, in his infancy, adopted by the testatrix as her son, she having no children and never having been married, and that the relationship so assumed was at all times mutually acknowledged; (2d) that by the act of the legislature, entitled "An act to amend chapter 483 of the Laws of 1885 " (*supra*), passed June 25, 1887, he was placed in the category of persons who, by the terms of the collateral inheritance tax law, were

exempted from its operation; (3d) that the order was granted without the knowledge of or notice to the petitioner.

*First.* The act first referred to (Chap. 483, Laws of 1885), and under which the order of March 24, 1887, fixing the tax upon the petitioner's share of the estate of Mary E. Miller, was made, provided, so far as the questions before us are concerned, that all property, or the income thereof, which passed by will to any corporation or person other than "the father, mother, husband, wife, children, brother and sister, and lineal descendants born in lawful wedlock, * * * shall be subject to a tax, to be paid to the treasurer of the proper county," * * * for the use of the state, and that all administrators, executors and trustees shall be liable for such tax until the same shall have been paid, as in the act directed." It then provided for an appraisement of the property at its fair market-value at the time of the death of the decedent, and declared that the tax so adjusted "shall be immediately due and payable to the treasurer of the proper county," and, together with the interest thereon, be and remain a lien on said property until the same is paid.

To exempt the petitioner from the tax imposed by this act, it must be held that he is, within its terms, a child of the decedent, and this must be maintained in face of the fact that the testatrix was at no time married and had no children. It is, indeed, conceded that he was some other person's child, but is, it is said, the adopted son of the testatrix, and so, by implication, within the favored class. The statute seems to include, by express words, only such children as are born "in lawful wedlock," and if, by construction, the word "children" might, under some circumstances, be given a wide meaning, so as to bring in natural or illegitimate children, it could be carried no further. The persons actually described are such as might, under the statutes of descent or distribution, be entitled to share in the estate of a decedent; and neither the intention of the legislature, as declared in the words used, nor the "fitness of the matter," permit us to enlarge the enumeration. The statute also excepts from its operation

"the wife or widow of a son and the husband of a daughter," thus adding to the list of relatives by blood, those of affinity by marriage, and we find no pretense of authority for adding a class of persons who in no way are of kin to the testatrix, and whose dependence upon her is the result of no marital contract or arrangement, but of mere choice. Therefore, we cannot agree with the learned counsel who insists that " the word children," as used in the act of 1885 (*supra*), is broad enough on its face to cover the case of an adopted child. The suggestion, if accepted, would add a species of relationship not specified in the statute. Its language is not ambiguous, and it would, therefore, be improper either to do this or to go elsewhere to ascertain the intent of the legislature. (*Fordyce* v. *Bridges*, 1 H. of L. Cas. 4; *Johnson* v. *H. R. R. R. Co.*, 49 N. Y. 455; *Benton* v. *Wickwire*, 54 id. 226.)

The learned counsel contends that the actual adoption by the decedent of the petitioner as a son, his maintenance so long as she lived, and her continued bounty secured by the terms of her will, bring him within the reason and equity of the statute; but, if that be so, it constitutes no reason for controlling its language, although it might seem that the legislature would have provided for such a case had their attention been directed to it. (*Brandling* v. *Barrington*, 6 B. & C. 475; *McCLuskey* v. *Cromwell*, 11 N. Y. 601; *People ex rel.* v. *Woodruff*, 32 id. 355.) Moreover, the fact that such provision was made by the statute of 1887 (Chap. 713), and the act of 1885 amended accordingly, must be regarded as a legislative declaration that the law did not, as originally passed, embrace the provisions which the later act supplies.

*Second.* Neither does the act of 1887 (*supra*) release the petitioner from liability under the order of March 24, 1887. That act was passed June 25, 1887, and is entitled " An act to amend chapter 483 of the Laws of 1885," etc. (*supra*), and declares that "it is amended so as to read as follows." It then repeats the act of 1885, with certain alterations, and, among others, adds in the first section to the words of exception above quoted, "or any child or children adopted as such, in con-

formity with the laws of the state of New York, or any person to whom the deceased, for not less than ten years prior to his or her death, stood in the mutually acknowledged relation of a parent." It is assumed that the petitioner was so regarded by the testatrix, and as the tax has not, in fact, been paid over, or the order of the surrogate complied with, the appellant's contention is that the act of 1887 (*supra*) not only makes any proceedings for its collection impossible, but relates back to the passage of the act of 1885, and, in effect, nullifies the proceedings which led to the order and annuls the order itself.

The surrogate and the Supreme Court, however, thought the case made by the petitioner should be decided as if the act of 1887 had not been passed, and we are of that opinion. The rule is considered settled in this state that neither original statutes nor amendments have any retroactive force, unless in exceptional cases the legislature so declare. The act before us contains no such declaration, and there seems no reason to give the amendment any other force than would be due to the provisions of an independent statute. The form of the amendment, by declaring that the act of 1885 is so amended as to read in a given way, is not unusual and affords no ground for the appellant's construction. It was so held in *Ely* v. *Holton* (15 N. Y. 595), where, referring to a similar formula, the court said : " The portions of the amended sections, which are merely copied without change, are not to be considered as repealed and again enacted, but to have been the law all along, and the new parts, or the changed portions are not to be taken to have been the law at any time prior to the passage of the amended act." The appellant calls our attention to that part of the act of 1887, which declares (§ 25), that " all acts and parts of acts inconsistent with the provisions of this act are hereby repealed," and contends that the statute of 1885 is to be dealt with as if the provisions inconsistent with those of the act of 1887 had never been enacted. This would not only give a different effect to the amendment than that required by the general rule above referred to, but would contravene the express lan-guage of the act of 1887, which declares that " it shall take

effect immediately," that is, at the date of its passage, thereby
excluding the idea that it should have any retrospective opera-
tion or effect.    The appellant desires, however, to give it effect
as of the date of the act of 1885.    This construction would,
by force of the later statute, render void not only the order in
question, which was valid when made, but all other similar
proceedings, although regular when taken, and would, as said
in *Ely* v. *Holton* (*supra*), "lead to the grossest absurdities."
No legislative intent to that effect is discoverable in the act of
1887.    The order was complete and perfect the moment it
was made, subject to modification or reversal on appeal, but
every step had been taken which depended for its force upon
the original act.    So far as the order is concerned, and the
rights and liabilities of the parties thereunder, it was a trans-
action complete and closed before the passage of the amenda-
tory act: and being in that condition we may properly apply
the words quoted in *Butler* v. *Palmer* (1 Hill, 324, 335):
"The law itself may be disannulled by the author, but the
right acquired by virtue of that law, whilst in force, must
still remain."

The remaining objection, in behalf of the appellant, is that
the order in question was made without notice to him.    It
appears, however, that the appraiser was duly appointed, and
that he gave notice, as required by law, of the time and place
the appraisal would be made.    This being done it was the
duty of the appraiser to make a report to the surrogate (§ 13,
act of 1885, *supra*), to be filed in his office, and the statute
declares (§ 13), from this report the surrogate shall assess and
fix the value of the several estates and "the tax to which the
same is liable, and immediately give notice thereof by mail to
all parties known to be interested therein."    There is no sug-
gestion that this was not done, and the presumption is that it
was.    An appeal might then have been taken by the beneficiary,
in the mode prescribed by statute, if he was dissatisfied with
the decision of the surrogate (§ 13, *supra*), but he did not
move.    Every necessary step for the imposition of the tax
seems to have been taken before the passage of the act of

1887, and it is, therefore, unnecessary to consider what effect that act would have had upon an order made after its enactment. That question was discussed *In the Matter of Cager* (46 Hun, 657), but is not now before us.

We think the surrogate was presented with no legal reason for vacating his order of March 24, 1887, and that the Supreme Court did not err in affirming his refusal to do so. The order of that court, therefore, should be affirmed, with costs.

All concur.

Order affirmed.