(39 Misc. Rep. 130.)

### In re HOSACK'S ESTATE.

(Surrogate's Court, New York County. October, 1902.)

**1. TRANSFER TAX—CONTINGENT ESTATES IN EXPECTANCY—APPRAISAL.**

Laws 1896, c. 908, § 230, as amended by Laws 1901, c. 173 (Laws 1902, c. 496), provides that estates in expectancy which are contingent or defeasible, where the taxation has been in abeyance, shall be appraised at their full value when the persons entitled thereto come into the beneficial enjoyment thereof. *Held* to make that part of section 230 retroactive, so that, where an appraisal for the transfer tax was had in 1891, the owners of contingent or defeasible estates in expectancy created by the will, and which vested in possession in 1902, were not entitled to pay the tax on their shares upon the value as determined in 1891, but a new appraisal was necessary.

In the matter of the estate of Sophia Hosack. Application to fix the tax on respective shares on an appraisal made in 1891 without any new appraisal. Application denied.

Edward H. Fallows, for state comptroller.
Turner, Rolston & Horan, for contestants.

THOMAS, S. The testatrix died April 22, 1891. By her will she created certain trusts, under which Angelica Church and Mary Helen Church were entitled to the income of funds created for their benefit, respectively, and to the principal thereof, if and when they respectively attained the age of 30 years; but, if they failed to reach that age, then other persons were to take. Both of said persons were also entitled to remainder interests after other life estates, conditioned on their surviving. An appraisal of the estate for the purpose of fixing the transfer tax was had in 1891, but the tax on the interests of Angelica Church and of Mary Helen Church was then postponed, for the reason that it was not then known, and could not then be ascertained, to whom their shares or parts would ultimately pass, or whether the same were subject to the tax imposed by said act. Angelica Church came of the age of 30 years on May 7, 1900, and thereafter, on June 8, 1902, she died. Mary Helen Church became of the age of 30 years on July 28, 1902. The present application is to fix the tax on their respective shares on the basis of the valuations as of the death of the testatrix, ascertained in 1891, and without any new appraisal.

By chapter 284 of the Laws of 1897, the general tax law (Laws 1896, c. 908, § 230) was amended so as to provide that:

"Estates in expectancy which are contingent or defeasible shall be appraised at their full undiminished value, when the persons entitled thereto shall come into the possession thereof, without diminution for or on account of any valuation theretofore made of the particular estates for the purposes of taxation, upon which said estates in expectancy may have been limited."

Subsequent to this amendment, and in 1897, a life beneficiary under this same will, whose life estate had been taxed in 1891, died, and an application was made to Surrogate Arnold to tax the transfer of the remainder interest. Surrogate Arnold then held that the amendment of 1897, above set forth, was not retroactive, and therefore had no application to this estate, for the reason that the legislature had not declared an intention to make it retroactive. In re Estate of Hosack, N. Y. Law J. Nov. 22, 1897, citing In re Miller's Estate, 110 N. Y. 223, 18 N. E. 139. In 1899 section 230 of the law was again amended (Laws 1899, c. 76), and the provision in question was dropped. A further amendment made in 1901 (Laws 1901, c. 173) restored the provision in the following words:

"Estates in expectancy which are contingent or defeasible (and in which proceedings for the determination of the tax have not been taken or where the taxation thereof has been held in abeyance) shall be appraised at their full, undiminished value when the persons entitled thereto shall come into the beneficial enjoyment or possession thereof, without diminution for or on account of any valuation theretofore made of the particular estates for purposes of taxation, upon which said estates in expectancy may have been limited."

The section was again amended in other particulars in 1902 (Laws 1902, c. 496), and the clause in question was re-enacted in the same words. It will be observed that the words in parentheses were not contained in the amendment of 1897, and they would seem to have been inserted in 1901 for the express purpose of avoiding the application of Surrogate Arnold's reasoning. It can now hardly be said that, in directing the provision to have application to transfers of estates in expectancy "where the taxation thereof has been held in abeyance," the lawmaking body did not clearly intend to make its language apply to cases where the rights under the transfer had been established and proceedings had been initiated for the imposition of the tax before its enactment. I must determine here, as I did in Re Connoly's Estate, 38 Misc. Rep. 533, 77 N. Y. Supp. 1113, that the law now in force is retroactive; and that it has application to this estate. As I intimated in the Connoly Case, I agree that the question of the constitutionality of the statute, as so construed, is an interesting one, and not entirely free from doubt. In re Pell's Estate, 171 N. Y. 48, 63 N. E. 789, reversing 60 App. Div. 286, 70 N. Y. Supp. 196. But I will sustain the law on the ground that a statute should not be pronounced void by a court of first instance. The application to fix the tax without appraisal is denied, and an appraiser will be appointed.

Application denied.