In re HOOPLE.

(Supreme Court, Appellate Division, Second Department. April 22, 1904.)

1. TRANSFER TAX—GOVERNMENT BONDS—EXEMPTION.
    Federal bonds were not subject to succession tax under Laws 1892, p. 814, c. 399, § 1, imposing a tax on the transfer of property when the transfer is by will of property within the state, and the decedent is a nonresident, and section 22 (page 822) defining the word "property" as embracing all property over which the state has any jurisdiction for the purposes of taxation.

2. SAME—REFUNDMENT—STATUTES—AMENDMENT—RETROACTIVE OPERATION.
    Laws 1900, p. 916, c. 382, amending Tax Law, Laws 1896, p. 871, c. 908. § 225, providing for the refundment of transfer taxes erroneously paid if the order assessing the tax is modified or reversed within two years from and after the date of its entry, was not retroactive so as to cut off rights to refundment previously existing, immediately on its enactment.

3. SAME—LIMITATIONS.
    At the time a transfer tax was erroneously assessed and paid, Laws 1892, p. 816, c. 399, § 6, was in force, providing that on proof that the tax had been erroneously paid the comptroller might require the amount to be refunded, provided the "application to refund" was made within five years after payment. By Laws 1897, p. 152, c. 284, such section, which became section 225 of the Tax Law, Laws 1896, p. 871, c. 908, was amended so as to provide that if, after the payment of any tax in pursuance of a surrogate's order fixing the same, such order be modified or reversed, the State Comptroller shall order the tax refunded, but that no application for such refundment shall be made after one year from such reversal or modification. Held, that where the five-year limitation provided by Laws 1892, p. 816, c. 399, § 6, had not run against the recovery of a tax erroneously assessed at the time of the amendment of such section in 1897, which section, as amended, only imposed a limitation after the surrogate's order fixing the tax had been reversed or modified, the fact that nearly eight years had expired before an application for an order to vacate the order assessing the tax was made did not preclude the granting of the application.

4. SAME.
    Since the tax law prescribes full limitations for the recovery of taxes, a proceeding for the vacation of an order assessing a transfer tax illegally assessed is unaffected by Code Civ. Proc. §§ 380, 382, 414, imposing limitations for actions and special proceedings, which in terms could only be available to the State Comptroller in an action or special proceeding directly against him.

Appeal from Order of Surrogate, Queens County.

Proceedings for the settlement of the estate of William H. Hoople, deceased. From an order of the Surrogate's Court vacating a previous order fixing a transfer tax on United States government bonds, and directing the State Comptroller to refund to the executor of the estate the tax paid on such bonds, the comptroller appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and BARTLETT, JENKS, WOODWARD, and HOOKER, JJ.

Leonard B. Smith, for appellant.

Joseph Rowan, for respondent executor.

WILLARD BARTLETT, J. The tax of $660 which the executor paid to the county treasurer of Queens county on November 29, 1895, under the compulsion of an order of the Surrogate's Court made on the 9th day of August in the same year, was assessed upon bonds of the United States government which were exempt from taxation under the transfer tax act of 1892 (Laws 1892, p. 814, c. 399), and the assessment was therefore illegal and void. Matter of Whiting, 150 N. Y. 27, 44 N. E. 715, 34 L. R. A. 232, 55 Am. St. Rep. 640; Matter of Sherman, 153 N. Y. 1, 46 N. E. 1032. This is conceded by the respondent. The order under review, however, vacating the order taxing the United States bonds of the decedent, was not applied for or made until October, 1903, nearly eight years after the tax had been paid; and the principal contention upon this appeal is that the executor's right to enforce a repayment as against the State Comptroller is barred by the lapse of time and the statute of limitations. At the time when the tax in question was assessed and paid the transfer tax act then in force provided that it should be lawful for the State Comptroller, upon proof that any amount of said tax had been paid erroneously into the state treasury, to require the amount of the erroneous or illegal payment to be refunded to the person or persons who had paid such tax in error, provided that all applications for such refunding of erroneous taxes should be made within five years from the payment thereof. Laws 1892, p. 816, c. 399, § 6. This provision was retained without change as a part of section 225 of the tax law when the transfer tax law was revised and incorporated in the tax law in 1896. Laws 1896, p. 871, c. 908, § 225. In 1897 section 225 of the tax law (Laws 1897, p. 152, c. 284) was amended so as to read as follows:

"If after the payment of any tax in pursuance of an order fixing such tax, made by the surrogate having jurisdiction, such order be modified or reversed, on due notice to the comptroller of the state, the state comptroller shall, by order, direct and allow the treasurer of the county, or the comptroller of the city of New York, to refund to the executor, administrator, trustee, person or persons, by whom such tax had been paid, the amount of any moneys paid or deposited on account of such tax in excess of the amount of the tax fixed by the order modified or reversed; * * * but no application for such refund shall be made after one year from such reversal or modification." .

It will be observed that the provision quoted contains no limitation as to the time when the modification or reversal of the surrogate's order fixing the tax must be procured. The only limitation relates to the application to the comptroller for a refund of the tax after the order of the surrogate shall have been reversed or modified. The reversal

or modification contemplated by this statute need not be the action of an appellate tribunal. The modification may be made by the surrogate himself. Matter of Coogan, 27 Misc. Rep. 563, 59 N. Y. Supp. 111, affirmed as People ex rel. Coogan v. Morgan, 45 App. Div. 628, 61 N. Y. Supp. 1144, affirmed in 162 N. Y. 613, 57 N. E. 1107.

In 1900 section 225 of the tax law was further amended so as to provide for the refunding by the comptroller of taxes erroneously paid if the order was modified or reversed within two years from and after the date of the entry of the order fixing the tax. Laws 1900, p. 916, c. 382. The order fixing the tax in the case at bar was not modified within two years after its entry; and as I understand the argument in behalf of the State Comptroller on this appeal the contention is that the act of 1900 had the effect of absolutely denying any right to enforce the repayment of a void tax where the order assessing the same had been made more than two years before the passage of the act, and remained unreversed and unmodified. This, it seems to me, would be giving to the act of 1900 a retroactive effect, although the language of the statute does not indicate any intention on the part of the Legislature to do so. The five-year limitation prescribed by the transfer tax law of 1892 had not run when the act of 1897 took effect. The only limitation contained in the act of 1897, as has already been pointed out, related to the lapse of time after the order fixing the tax had been reversed or modified. It did not undertake to limit the time within which a party who had paid a void tax might apply to the Surrogate's Court for a modification of the order assessing it. Nothing had occurred, therefore, to bar the right of the executor in this case to apply to the surrogate for a modification of such original order at the time of the passage of the act of 1900. I do not think that the latter statute was intended to be retroactive, or to have the effect, as it would have if so construed, to cut off all rights of the executor in this case immediately upon its enactment. The rule may be considered settled in this state that neither original statutes nor amendments have any retroactive force unless the Legislature so declares, either in express words or by unmistakable implication. "Where it is claimed that a law is to have a retrospective operation, such must be clearly the intention, evidenced in the law and its purposes, or the court will presume that the lawmaking power is acting for the future only, and not for the past." White v. United States, 191 U. S. 545, 552, 24 Sup. Ct. 171, 48 L. Ed. ——; Matter of Miller, 110 N. Y. 216, 18 N. E. 139; People ex rel. Collins v. Spicer, 99 N. Y. 225, 1 N. E. 680. The doctrine which has sometimes been laid down that express words are necessary to give a statute a retroactive effect, has been declared not to apply to remedial statutes, provided they do not impair contracts or disturb absolute vested rights. People ex rel. Collins v. Spicer, 99 N. Y., at page 233, 1 N. E. 680. And it has been held that statutes of limitation may act retrospectively unless they absolutely destroy rights of action or impair them to an unreasonable extent. Fiske v. Briggs, 6 R. I. 557; Burwell v. Tullis, 12 Minn. 572 (Gil. 486). But even under this liberal rule no retrospective effect can be given to chapter 382, p. 916, of the Laws of 1900, amending section 225 of the tax law; for, if the amendment be deemed a statute of limitation, such a construction would abso-

lutely, and most unreasonably deprive of all redress those persons from whom payment of an illegal transfer tax had been forcibly exacted, but who had delayed proceedings to procure the repayment of the same in reliance upon pre-existing legislation.

Assuming that prior to November 29, 1901 (six years after the payment of the tax), the respondent was entitled to enforce a demand for repayment against the State Comptroller, the appellant argues that upon the expiration of the six years the limitations prescribed by sections 380, 382, and 414 of the Code of Civil Procedure became applicable, and constituted a bar to the enforcement of the executor's claim. It does not seem to me, however, that the Code provisions cited have any bearing upon such an order as that here under review. In terms they could be available to the State Comptroller only in an action or special proceeding directly against him; but, in my opinion, they have no application to the remedies provided by the tax law for procuring the repayment of a void tax. It seems to me that the intention of the Legislature has been distinctly manifested in the various enactments on the subject to put into the tax laws themselves all the limitations affecting the duty and liability of the State Comptroller to make restitution of moneys which the representatives of estates of decedents have been compelled to pay into the state treasury without authority of law.

For these reasons I think that the order of the Surrogate's Court was right, and should be affirmed.

Order affirmed, with $10 costs and disbursements. All concur.