On Application for Rehearing.
PER CURIAM.
The appellee urges that, irrespective of the main issue herein, it was error to tax her upon the usufruct of one-third of the separate estate, for the reason that, after the deceased had disposed of two-thirds thereof, in full ownership, the disposable portion was exhausted, so that the legacy was, to that extent, excessive and subject to reduction.
The point was overlooked, because not heretofore made; but it seems to be well founded, since under the circumstances of this case no delivery of such legacy can even take place. Civ. Code, art. 1607. Hence it was error to follow literally the terms of the will.
The tax upon the inheritance falling to the minor was therefore correctly fixed by the district judge at $514.71; and the tax due by the widow should have been based solely upon the value of the property given her in full ownership, to wit, $68,650.70, making the tax $3,452.53 instead of $3,774:S9 as fixed in the original decree.
On the main issue there is nothing to be added, except that counsel err in assuming that by declaring exempt from the tax an estate of less than $10,000 falling to an adopted child, as in the Frigalo Case, the court necessarily excluded any classification based upon blood relationship.
The Court of Appeals of New York in Re Cook’s Estate, 187 N. Y. 253, 79 N. E. 993, classed the child of an adopted child as a lineal descendant of the deceased, notwithstanding that the statute spoke only of lineal descendants “born in lawful wedlock.” See 3 Cumming and Gilbert’s General Laws of New York (Ed. 1905) p. 4003. And the court said that it was simply a question of whether the Legislature so intended it; thus, in effect, overruling In re Miller, 110 N. Y. 216, 18 N. E. 139.
Kerr v. Goldsborough, 150 Fed. 289, 80 *95 C. C. A. 177, Commonwealth v. Nancrede, 32 Pa. 389, and Miller’s Case, just cited, show nothing more than that there are conflicting views about the status of adopted children under a classification based on blood relationship; and this court in the Erigalo Case has simply adopted one of these views instead of the other.
Indeed, Kerr v. Goldsborough in no manner conflicts with Cook’s Case (overruling Miller's Case); for in. Cook’s Case the status of adopted children was fixed by the same authority which levied the tax; whilst in the Kerr Case the tax was levied by one sovereignty, but the fictitious status assigned to the person adopted was by a different and subordinate authority. It was very properly held that the intent of the Legislature of New York must control in collecting a tax levied by the state of New York; but it is clear that the Legislature of Ohio could not by a fiction of law alter a fact so as to affect a tax levied under .authority of the Congress of the United States.
The Pennsylvania case therefore stands alone; Miller’s Case having clearly been overruled as aforesaid.
It is therefore ordered that the decree heretofore handed down be changed by substituting for the amount originally fixed the words and figures “thirty-four hundred and thirty-two C8/ioo dollars, ($3,432.53),” and that, with this alteration made, a rehearing be refused.