In the Matter of the Application of ISAAC REQUA for a Restraining Order under the Provisions of Article 78 of the Civil Practice Act, Petitioner, against WILLIAM R. WHITE and Others, as the Banking Board of the State of New York, Respondents.

Supreme Court, Special Term, New York County, February 11, 1939.

*O'Connor & Farber* [*Basil O'Connor* and *Henry K. Urion* of counsel], for the petitioner.

*John J. Bennett, Jr., Attorney-General* [*Henry Epstein, Solicitor-General,* of counsel], for the respondents.

LEVY, J.   Petitioner seeks an order, under article 78 of the Civil Practice Act, in the nature of the former writ of prohibition to restrain and prohibit the Banking Board of the State of New York from proceedings it has instituted under section 41 of the Banking Law (as thus renumbered from § 10-d and amd. by Laws of 1938, chap. 684, § 38) for the removal of petitioner as the president and as a trustee of Westchester County Savings Bank.   The violations of law charged against petitioner and for which his removal is sought, occurred on or before April 1, 1938, whereas section 41 became   effective June 30, 1938.   Consequently the

proper determination of this application depends upon whether the provisions of that section permit the removal for offenses occurring prior to its effective date.

At the time of the alleged violations of law, the statute governing removals by the Board was section 10-d of the Banking Law and read in part as follows: " Whenever, in the opinion of the Superintendent, any director, trustee or officer  *  *  *  shall have continued to violate any law  *  *  *  after having been warned by the Superintendent to discontinue such violations  *  *  *  the Superintendent may certify the facts to the Banking Board.  *  *  * If, after granting the accused director, trustee or officer a reasonable opportunity to be heard the Banking Board  *  *  *  finds that he has continued to violate any law  *  *  *  after having been warned by the Superintendent to discontinue such violations  *  *  *  the Banking Board  *  *  *  may order that such director, trustee or officer be removed from office."

Thus it is plain that prior to June 30, 1938, petitioner could have been validly removed for continued violations of law in defiance of warning. Moreover, no claim is made that any warning was ever given to petitioner or that any violation was committed subsequent to such warning. The law governing removals was changed, however, by the enactment of section 41 of the Banking Law (Laws of 1938, chap. 684, § 38) so as to permit removals for a single offense without warning. That section provides as follows: " Whenever the Superintendent shall find that any director, trustee or officer  *  *  *  has violated any law  *  *  *  the Superintendent may, in his discretion, certify the facts to the Board. *  *  *  If, after granting the accused director, trustee or officer reasonable opportunity to be heard, the Board  *  *  *  finds that he has violated any law  *  *  *  the Board  *  *  *  may order that such director, trustee or officer be removed from office." Moreover, the Legislature expressly declared, " This act shall take effect on June thirtieth, nineteen hundred and thirty-eight." That declaration must be given effect in accordance with the intent of the Legislature and may not be disregarded. (*Matter of Miller*, 110 N. Y. 216, 223; *Matter of Kaufman Estate*, 158 Misc. 102.)

What, then, did the Legislature intend when it provided that section 41 was to take effect on June 30, 1938? Only two interpretations are possible. Its intent was either as claimed by the petitioner, that an officer, director or trustee of a bank could be removed for any violation of law committed after June 30, 1938, or, as urged by the respondents, that after June 30, 1938, such removal could be based upon any violation of law whenever committed. If the latter interpretation be the correct one, its only effect was to

compel the Superintendent of Banks if he wished to cause the removal of an officer, director or trustee who had been guilty of a violation of law but had not committed another violation after warning, to defer action until after June 30, 1938. Thus the Legislature intended to make the power of removal depend not upon the time when the violations of law were committed, but rather upon whether the Superintendent chose to institute proceedings for removal before or after June 30, 1938. It is difficult, if not impossible, to ascribe to the Legislature an intent to achieve a result so absurd and meaningless. It is much more likely and probable that it intended that for any violation of law committed after June 30, 1938, an officer, director or trustee of the bank could be removed without warning.

I am, accordingly, constrained to hold that section 41 of the Banking Law does not authorize a proceeding before the Banking Board for the removal of an official for violations of law committed prior to June 30, 1938, where no charge is made by the Superintendent of Banks that any such violations occurred after warning by the Superintendent based upon a previous violation. I reach this conclusion despite the fact that I am in full accord with the view expressed by the Solicitor-General and the Attorney-General of this State that public policy demands that such officials should be subject to removal for a single violation of law, whenever committed and that a proper protection of depositors and others requires that such recalcitrant officials should not be afforded a second opportunity to violate the law and injure the depositors and the public generally before the Banking Board acquires the power to remove them. It is unfortunate indeed that the Legislature saw fit to provide that section 41 shall not take effect until June 30, 1938. However, it is not within the province of the court to substitute its wisdom for the expressed policy of the Legislature.

In the circumstances petitioner adopted the appropriate procedure under the provisions of subdivision 2 of section 1296 of the Civil Practice Act, relating to the exercise of judicial or quasi-judicial functions without or in excess of jurisdiction.

For the reasons indicated the motion is granted. Settle order.