Per Curiam.

Plaintiff, individually and as assignee of a number of tenants in an apartment house, has instituted four actions predicated upon alleged overpayments in rent. The complaints are substantially similar except for the amounts claimed therein, and each contains six causes of action. Defendants moved in the court below for dismissal of the first, fifth and sixth causes of action in each complaint as insufficient in law, and for other relief. The motion was denied and leave to appeal from the orders entered upon such denial was granted by this court.
The overpayments in rent are alleged to have been made during the period between June 1,1955 and June 30,1957. The circumstances under which they are claimed to have occurred are somewhat unusual. Plaintiff asserts the overpayments were *391 made in obedience to two orders of the Temporary State Housing Bent Commission increasing the rents of the tenants here involved pursuant to so-called “ hardship ” applications of defendant landlords. It is alleged that these orders were revoked June 12, 1957 by reason of fraud perpetrated by defendants on the commission, and that the original rents were re-established as of May 31, 1955. The actions were instituted on October 31, 1957.
The main question for consideration, relates to the applicability of the Statute of Limitations to the causes of action whose sufficiency has been challeneged. Ordinarily we would not be concerned with this problem on a motion for a dismissal under rule 106 of the Buies of Civil Practice (First Nat. Bank of Genoa v. American Surety Co. of N. Y. 239 App. Div. 282). But where the causes of action, as some of those here pleaded, are created by statute and the time for commencing the actions is prescribed in the same statute, such period of limitation is deemed a matter of substance limiting the right as well as the remedy, and the filing of a suit within the fixed period is a condition precedent to recovery (Wesling v. Solovey, 277 App. Div. 834; Citrone v. Palladino, 77 N. Y. S. 2d 489).
Prior to June 30, 1957, the emergency housing rent control law (State Besidential Bent Law, L. 1946, ch. 274, § 11, subd. 5, as amd.) laid down the requirement that an action for overcharges in rent be brought within one year from the occurrence of the violation.” By chapter 755 of the Laws of 1957, approved by the Governor on April 20, 1957, the Legislature extended to two years the period of limitation within which such an action could be brought. This was accomplished by deleting the words one year ” and substituting “two years ” in their place. The Legislature further provided that this amendment along with others included in the same bill, with several exceptions not here material, “ shall take effect June thirtieth, nineteen hundred fifty-seven. ’ ’
In the instant actions the overpayments are claimed to have been made between June 1, 1955 and June 30, 1957 and some of them are alleged to have been made more than a year before June 30,1957. It becomes necessary to consider to what extent, if any, these claims are affected by the one-year limitation which was on the statute books until June 30, 1957 and the successor two-year Statute of Limitations.
The courts of this State have recognized that the Legislature may, in a proper situation, enact a Statute of Limitations which has the effect of reviving a cause of action barred under a previously applicable Statute of Limitations (Gallewski v. Hentz & *392 Co., 301 N. Y. 164; Matter of McCann v. Walsh Constr. Co., 282 App. Div. 444, affd. 306 N. Y. 904; Robinson v. Robins Dry Dock & Repair Co., 238 N. Y. 271). However, a revival of extinguished rights is “ an extreme exercise of legislative power ” which is not to be deduced from words of doubtful meaning and any uncertainties in this regard must be resolved “ against consequences so drastic ” (Hopkins v. Lincoln Trust Co., 233 N. Y. 213, 215). In any event, it is a familiar rule of statutory construction that a law will not be considered retroactive unless such intent clearly appears from the context of the statute itself (People v. Wendel, 217 N. Y. 260). Likewise, it has been held that original and amendatory enactments will not be deemed retroactive unless in exceptional cases the Legislature so declare (Matter of Miller, 110 N. Y. 216; Benton v. Wickwire, 54 N. Y. 226).
The 1957 amendment of the emergency housing rent control law with which we are here concerned does not contain any language which either directly or by necessary implication indicates an intent that the provsions shall have retroactive effect. The express direction that it take effect June 30, 1957 would seem to negative the idea that it should have retrospective operation (cf. Matter of Miller, supra). Absent any legislative declaration to the contrary, it is our view that the 1957 amendment must be given prospective effect only. Consequently, its provisions may not be invoked to revive any claims for overcharges which, on June 30, 1957, were barred under the previous one-year Statute of Limitations. Nevertheless, the 1957 amendment is applicable to rights which accrued prior to its enactment but had not expired when it became effective. In the latter regard, as would appear to accord with the plain legislative intent, the period of limitation must be deemed extended to two years from the occurrence of the violation (see Hopkins v. Lincoln Trust Co., supra).
The complaint herein must be liberally construed with a view to substantial justice between the parties (Civ. Prae. Act, § 275; N. Y. City Mun. Ct. Code, § 93). Plaintiff’s first and fifth causes of action essentially are predicated on the emergency housing rent control law and therefore must be governed by the prescribed periods of limitation as indicated herein. Insofar as they seek a recovery for overcharges which are not subject to the bar of the one-year Statute of Limitations, they are sufficient. Plaintiff’s sixth cause of action, which is one for fraud perpetrated on the Bent Commission in securing rent increases, is legally insufficient. No such cause of action is created by the emergency statute, and none exists at common law. The *393 misrepresentations were not made to plaintiff’s assignors (the tenants), nor did they rely upon them.
The orders should be unanimously modified upon the law by providing that the examination before trial of defendants shall be limited to plaintiff’s first and fifth causes of action, and that the sixth cause of action be dismissed for insufficiency. As so modified, orders affirmed, without costs on this appeal.
Concur — Pette, Hart and Brown, JJ.
Orders modified, etc.