Robert V. Santangelo, J.
This is an action for recovery of rent overcharges by the assignee, the Commissioner of Welfare of the City of New York, under a written assignment of a claim by a tenant, who had received benefits under the Social Welfare Law, against the landlord, arising out of a tenancy between July 1, 1956 and June 30, 1957, inclusive, during which period the landlord demanded, collected and received rent from the tenant for use of housing accommodations at 996 Findlay Avenue, Bronx. There was concededly an overcharge during this period. In the affidavits of the parties herein it is conceded that the maximum rental applicable to the tenancy of the assignor was fixed at $38.30 per month, under section 36 of the State Rent and Eviction Regulations, the rent for the premises being considered in doubt; that the tenant had paid $18 weekly rent until June 30, 1957; and that the said tenancy began in 1953. The assignee concedes that the landlord collected the legal monthly rental from July 1,1957.
The assignee contends that his recovery should be computed from July 1,1956, to June 30,1957, a period during which overcharges were collected. The landlord contends that the claim is limited to one year prior to the service of the summons, namely, from April 17,1957, to June 30, 1957.
The assignee contends, under the authority of Denkensohn v. Ridgway Apts. (13 Misc 2d 389), that as to those claims which on June 30,1957 (date the two-year Statute of Limitations went into effect; State Residential Rent Law, L. 1046, ch. 274, § 11, subd. 5, as amd. by L. 1957, ch. 755) had not been barred under the old one-year limitation, the new two-year period would be given effect; while claims which had already been barred before the extension of the Statute of Limitations would not be revived. The following quotation from that opinion (p. 392) is: “.Consequently, its provisions may not be invoked to revive any claims for overcharges which, on June 30, 1957, were barred under the previous one-year Statute of Limitations. Nevertheless, the 1957 amendment is applicable to rights *159 which accrued prior to its enactment but had not expired when it became effective. In the latter regard, as would appear to accord with the plain legislative intent, the period of limitation must be deemed extended to two years from occurrence of the violation ’ ’.
The assignee asks summary judgment on the claim, contending that the period July 1, 1956, to June 30, 1957, was not outlawed when the two-year amendment went into effect on June 30, 1957, and that plaintiff had until June 30, 1958, to sue therefor, and therefore should have partial summary judgment for said overpayment of $476, a sum which is the difference between rent paid at $18 per week for 52 weeks and the TnaxiTmnn rent for 12 months at $38.30 per month.
This court, however, does not agree with the reasoning of conclusions desired to impress upon landlords that they would be held accountable for overcharges for an additional period of one year if they did not desist from such practices. In the instant case the tenant conceded that the landlord, with whom he was disputing whether the rental charge should be on a monthly or weekly basis, ceased demanding, receiving or collecting rental at a weekly basis beginning July 1, 1957, after the Temporary State Housing Rent Commission had spoken. The Legislature did not specifically state that any unexpired claim of a tenant for overcharge under the one-year statute at the time of the effective date of the two-year Statute of Limitations, July 1, 1957, would grant such tenant an additional one-year extension from July 1, 1957. In the instant case there were no violations after July 1, 1957.
The spirit and purpose of the one-year extension did not contemplate a situation such as existed under this tenancy where the landlord abided by the ruling of the Rent Commission as to this rental status on and after July 1, 1957. The only violations occurred before July 1, 1957. At the time of the last violation, to-wit, immediately prior to July 1, 1957, the one-year Statute of Limitations was in effect. There was no continuing violation subsequent to the passage of the effective date of the amendment which merely inserted two years in the place of one year. The 1957 amendment of the State Residential Rent Law does not contain any language which either directly or by necessary implication indicates an intent that the provisions shall have retroactive effect. (Denkensohn v. Ridgway Apts., 13 Misc 2d 389, 392.) The express direction that it takes effect June 30, 1957, would seem to negative the idea that it should have restrospective operation. (Matter of Miller, 110 N. Y. 216.) In the absence of any legislative *160 declaration to the contrary, the 1957 amendment must be given prospective effect only. The 1957 amendment does not extend the right to sue on the violations existing prior to its enactment for two years from the date of commencing the cause of action, but the Statute of Limitations of one year must be given effect and applied under the above circumstances. Accordingly, the court holds that as to any violations occurring prior to July 1, 1957, the one-year Statute of Limitations applies, especially as there were no violations of the law after the date that the two-year Statute of Limitations became effective. Consequently, when the assignee sued to recover penalties on April 15, 1958, he can only recover for such violations as occurred one year prior to the date of the commencement of the action, namely April 17, 1957. The landlord is, therefore, responsible to the tenant’s assignee only for such violations of overcharge from April 17, 1957, to June 30,1957, inclusive. The landlord states, and this is not questioned by the tenant, that he collected rent from April 17, 1957, to June 30, 1957. This amounts to 11 weeks. At $18 per week, the landlord received for this period $198. There was legally due the landlord for this period $95.75 according to the rental of $38.30 per month fixed by the Temporary State Housing Bent Oommision. There was an overcharge of $102.25 during this period.
The court finds for the tenant in the sum of $102.25. From the facts and circumstances in the affidavits, it appears to this court that this court would not grant three times the amount demanded in the first cause of action, which the court determines is $102.25. The court, therefore, under such other and further relief as to this court seems proper, denies severing the second cause of action, and in order to avoid an unnecessary trial of the conceded facts and all the other circumstances in the controversy between the landlord and tenant as to whether there was a willful violation of the rent regulations already referred to in the affidavits of the opposing parties, hereby determines there was no willful violation by the landlord, and dismisses the second cause of action on the merits by granting final judgment for the tenant’s assignee under both causes of action for $102.25 against the landlord. The clerk is directed to enter judgment in that amount for the assignee.
Five days’ stay.