[ *585 ]        *SMITH, *appellant,* and ADAMS, *respondent.*

Where a bill in chancery is dismissed for *want of jurisdiction,* an order prohibiting the complainant from again litigating the subject matter of the bill will not be made on the ground that it had been passed upon by the chancellor and decided against the complainant.*

APPEAL from chancery. The appellant filed a bill in chancery to obtain an injunction against the diversion of a water course by the respondent. The cause was heard on pleadings and proofs by the VICE CHANCELLOR of the second circuit, who decreed an injunction. On an appeal to the CHANCELLOR, the decree of the vice chancellor was reversed, and the complainant's bill dismissed with costs. But the chancellor added a clause precluding the complainant from again litigating the question whether, previous to the filing of the bill, the defendant had actually diverted the water. See the case, the opinion of the chancellor and the substance of the decree in 6 *Paige,* 435 *et seq.* The complainant appealed to this court. The cause was argued here by

*S. Stevens,* for the appellant.

*M. T. Reynolds,* for the respondent.

After advisement, an opinion was delivered by Mr. Justice BRONSON, concurring with the chancellor, that the bill was properly dismissed, but concluding as follows :

" Considering this a most unreasonable litigation on the part of the complainant, and not finding upon the points submitted by his counsel, another question, which was, however, mentioned on the argument, I was at first inclined to the opinion that the decree should be affirmed throughout. But on turning my attention more particularly to the form of the decree,
[ *586 ]        I think it requires some modification. *Although the right of the complainant to sue at law is saved, he is precluded from again litigating the question whether there has been any diversion of the water which had been accustomed to flow through his aqueduct. Now, while I agree with the chancellor and the vice chancellor, that the weight of evidence is with the defendant upon that point, and although I would be very willing to conclude the complainant from the further agitation of the question, if I could see the way clear for doing so, I have been unable to discover any principle upon which we can safely arrive at that result. When the bill is dismissed for want of jurisdiction, we, in effect, say to the party, " we will not listen to your complaint—it belongs to another forum—go to the proper court and litigate the matter there." There is an apparent incongruity in dismissing the bill for want of jurisdiction, and at the same time making a

* Decided 24th December, 1840.

decree which concludes the party as to any portion of the merits of the controversy when he resorts to the proper forum for redress.

The decree does not show on what particular ground the chancellor proceeded ; but as my opinion rests on the ground that the bill should be dismissed for want of jurisdiction, I think the decree of the chancellor should be so modified as not to prejudice the complainant's right to sue at law, for the redress of the injury of which he complains.

The members of the court *unanimously* concurring in the conclusion of Mr. Justice BRONSON, the decree of the chancellor was *modified accordingly*.