(164 App. Div. 531)

### SEABOTT v. JOHN WANAMAKER, NEW YORK.

(Supreme Court, Appellate Division, Second Department. November 13, 1914.)

COURTS (§ 188*)—MUNICIPAL COURTS—JURISDICTION—CONDITIONAL SALE—"ACTION ON IMPLIED CONTRACT"—"ACTION ON CONTRACT OF CONDITIONAL SALE."

An action in the Supreme Court to recover payments made on a conditional sale contract, under Personal Property Law (Consol. Laws, c. 41) § 65, providing that, when the seller of personal property under a conditional sale contract retakes the goods for default in payment, he must hold them for 30 days and then sell them at auction, or the buyer may recover the amounts paid, is not an "action on an implied contract," of which the Municipal Court has jurisdiction under Municipal Court Act (Laws of 1902, c. 580) § 1, subd. 1, as amended by Laws 1905, c. 513, § 1, but is an "action on a contract of conditional sale," within section 139 of that act, of which action the Municipal Court has jurisdiction to give only the particular relief therein specified, which does not include a recovery of installments paid, so that the plaintiff is not prevented from recovering costs by Code Civ. Proc. § 3228, subd. 5, providing that in actions in the Supreme Court triable in the county of New York, which

could have been brought in the Municipal Court, the plaintiff shall recover no costs unless he recovers $250.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 412, 439, 440, 442, 447, 448, 451, 452, 454, 458, 464, 465, 467, 468; Dec. Dig. § 188.*]

Appeal from Special Term, Kings County.

Action by Margaret Seabott against John Wanamaker, New York, a domestic corporation. Judgment for plaintiff, and defendant appeals from an order denying its motion to disallow costs. Order affirmed.

Argued before JENKS, P. J., and THOMAS, CARR, STAPLETON, and PUTNAM, JJ.

Richard Ely, of New York City, for appellant.
Fullerton Wells, of New York City, for respondent.

STAPLETON, J. The plaintiff's damages, $65, were recovered in an action determined in the Supreme Court. The plaintiff resides in the city of New York. The defendant is a domestic corporation having an office in the city of New York. It appeared in the action. The action was brought by a vendee against a vendor to recover the amount paid on an article sold upon condition that the title thereto should remain in the vendor until the payment of the purchase price; the vendor having failed to comply with the requirements of section 65 of the Personal Property Law (Consolidated Laws, c. 41). Upon this state of facts the clerk taxed a full bill of costs, and on review by the Special Term the items taxed were allowed. It is from the order entered upon the motion for a new taxation that this appeal is taken.

If the Municipal Court of the City of New York had jurisdiction of the person and of the subject-matter of the action, the plaintiff was not entitled to costs. Subdivision 5, § 3228, Code of Civil Procedure. Jurisdiction of the person is correctly conceded. The Municipal Court has jurisdiction in "an action to recover damages upon or for breach of contract, express or implied, other than a promise to marry, where the sum claimed does not exceed five hundred dollars," exclusive of interests and costs. Section 1, subd. 1, Municipal Court Act of New York City; Laws 1902, c. 580, as amended. Section 139 of the act reads:

"No action shall be maintained in this court, which arises on a contract of conditional sale of personal property; a hiring of personal property, where title is not to vest in the person hiring until payment of a certain sum; or a chattel mortgage made to secure the purchase price of chattels; except an action to foreclose the lien, as provided in this article. For the purpose of this section an instrument in writing as above stated shall be deemed a lien upon a chattel: Provided, however, that an action may be maintained to recover a sum or sums due and payable for instalment, payment or hiring, but in such cases no order of arrest shall issue."

The question presented depends upon the proper classification of the action; i. e., whether it is one to recover damages upon an implied contract where the sum claimed does not exceed $500—that is, an implied promise to fulfill an obligation imposed by law (Steamship Co. v. Joliffe, 2 Wall. 450, 17 L. Ed. 805; Norton v. Coons, 3 Denio, 130,

134; American Society for Prevention of Cruelty to Animals v. City of Cohoes, 42 Hun, 654; s. c., 4 N. Y. St. Rep. 808; Cohen v. Small, 120 App. Div. 211, 105 N. Y. Supp. 287; Empire State Surety Co. v. Nelson, 141 App. Div. 850, 126 N. Y. Supp. 453), or whether it arises on a contract of conditional sale of personal property. I think that, independently of the contract, the statute does not impose an obligation upon which an implied promise could be established, but that it reserves to the vendee a right which is as much a part of the contract upon condition as if it were written into it. Strauss v. Union Central Life Ins. Co., 170 N. Y. 349, 356, 63 N. E. 347; Crowe v. Liquid Carbonic Co., 208 N. Y. 396, 402, 102 N. E. 573. The action, therefore, arises on a contract of conditional sale of personal property. No such action shall be maintained in the Municipal Court of the City of New York, except for specified relief, and the relief sought here is not among the specified exceptions.

The order should be affirmed. All concur.