(88 Misc. Rep. 514)

### EDELSON v. WAGMAN.

(Supreme Court, Appellate Term, First Department. January 7, 1915.)

COURTS (§ 188*)—MUNICIPAL COURTS—JURISDICTION—"ACTION ON CONTRACT OF CONDITIONAL SALE."

Under Municipal Court Act (Laws 1902, c. 580) § 139, providing that no action arising on a contract of conditional sale shall be maintained therein, except to foreclose the lien, or recover installments, an action to recover payments under Personal Property Law (Consol. Laws, c. 41) § 65, providing that, when the seller of personal property under a conditional sale contract takes the goods for default in payment, he may hold them for 30 days and then sell them at auction, or the buyer may recover

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the amounts paid, is an "action arising on a contract of conditional sale," of which the Municipal Court has no jurisdiction.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 412, 439, 440, 442, 447, 448, 451, 452, 454, 458, 464, 465, 467, 468; Dec. Dig. § 188.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Maurice H. Edelson against Maurice Wagman. From a judgment for plaintiff, defendant appeals. Reversed, and complaint dismissed.

Argued November term, 1914, before LEHMAN, DELANY, and WHITAKER, JJ.

Samuel Fine, of New York City (Julius L. Pinnes, of New York City, of counsel), for appellant.

Crane & Baer, of New York City (S. Clinton Crane, of New York City, of counsel), for respondent.

WHITAKER, J. The complaint alleges that the plaintiff purchased certain machines of the defendant pursuant to the following contract:

Phone 3818 Gramercy.

M. Wagman, Dealer in Sewing Machines, Power Tables, Beltings, Oils and Supplies.

Entire Plants of Sewing Machines Bought for Cash.

164 Wooster St.

New York, Aug. 21, 1913.

We hereby acknowledge that we have this day received in good condition of M. Wagman, 164 Wooster St., 1 ½ H. P. Diehl Motor Five Singer machines, style 44/13, with tables complete, the property of said Wagman, with all accessories belonging thereto, the value of said motor machines and tables being two hundred twenty-two dollars, payable in 90 days; but until such demand be made, we agree to hold the same as the property of the said M. Wagman, while in our custody, and furthermore agree to use the same not away from the premises of 66 Houston St., New York City, without the written consent of M. Wagman, first had and obtained, and further agree to keep the same fully covered by insurance against loss by fire and burglary, while in our custody.          M. H. Edelson.

Plaintiff failed to pay within the 90 days. Defendant took the machines from plaintiff, claiming that he had a warrant for them. Defendant still has them in his possession. The taking occurred on February 27, 1914, and this action was brought on April 29, 1914. It is conceded by plaintiff that the sale was a conditional one. The defendant set up a counterclaim, which was dismissed.

We think the determination of the trial justice in awarding judgment to the plaintiff for the amount plaintiff had paid on account of the machines, and dismissing the counterclaim, was just. The questions were questions of fact, and we think the justice correctly decided them, and we find no error in the record.

There was a question raised, however, as to the jurisdiction of the court. The defendant challenged the court's jurisdiction under section 139 of the Municipal Court Act, which provides as follows:

"Sec. 139. No action shall be maintained in this court, which arises on a contract of conditional sale of personal property; a hiring of personal

---

property, where title is not to vest in the person hiring until payment of a certain sum; or a chattel mortgage made to secure the purchase price of chattels; except an action to foreclose the lien, as provided in this article. For the purpose of this section an instrument in writing as above stated shall be deemed a lien upon a chattel: Provided, however, that an action may be maintained to recover a sum or sums due and payable for installment, payment or hiring, but in such cases no order of arrest shall issue."

In Seabott v. John Wannamaker of New York, 150 N. Y. Supp. 223, it was decided that an action to enforce the liability provided by section 65 of the Personal Property Law is an action arising under a contract of conditional sale, over which the Municipal Court has no jurisdiction.

Under the authority of that case, we are constrained to reverse the judgment, with costs, and dismiss the complaint, with costs. All concur.