## LEFKOFF v. BAUCH.

(Supreme Court, Appellate Term, First Department. May 5, 1915.)

COURTS ⬤188—MUNICIPAL COURT—CONDITIONAL SALES—JURISDICTION—STATUTE.

By the Municipal Court Act (Laws 1902, c. 580) § 139, prescribing the method of foreclosing the lien of a conditional seller of personal property, the municipal court of New York City had no jurisdiction over an action to recover an amount paid on a contract of lease or purchase of chattels in the alternative upon failure of the seller to sell the property upon retaking for breach of condition under Personal Property Law (Consol. Laws, c. 41) § 65, providing that after retaking of chattels conditionally sold·by the seller they shall be retained for 30 days to give the buyer opportunity to comply with the terms of his contract.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 412, 439, 440, 442, 447, 448, 451, 452, 454, 458, 464, 465, 467, 468; Dec. Dig. ⬤188.]

Appeal from Municipal Court, Borough of the Bronx, Second District.

Action by Louis Lefkoff against Lazarus Bauch. Judgment for plaintiff, and defendant appeals. Reversed, and complaint dismissed.

Argued March term, 1915, before LEHMAN, HENDRICK, and COHALAN, JJ.

Edward Phillips, of New York City (Alex. B. Greenberg, of New York City, of counsel), for appellant.

Samuel Dickstein, of New York City (Samuel Schwartzberg, of New York City, of counsel), for respondent.

HENDRICK, J.· Plaintiff sued the defendant for the conversion of several sewing machines. The facts in the case are not substantially disputed. The plaintiff and his partner by a written instrument rented several sewing machines from the defendant. Subsequently the partnership was dissolved by consent, the plaintiff succeeded to all the rights and assumed all the liabilities under this instrument. The in-

---

⬤For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

strument provides for a lease of chattels valued at $232, for which the plaintiff—

"agreed to pay rent as follows: $34 when the goods will be delivered and the balance of $198 in six monthly payments by notes, $33 each note on the delivery of the agreement, the receipt whereof is hereby acknowledged, and accepted as payment for the rent of the first month only."

· It will be seen that the amount of rental for the first month in cash and notes is the same as the agreed valuation at which the plaintiff has an option to purchase the goods, and upon which he has a right to apply the "rent heretofore paid." The actual agreement between the parties has not a single element of a lease except as the parties have chosen to embody it on a printed form of lease, but they have not even carried out the fiction of the lease by filling in the blanks left for the rental after the first month. I cannot find however, that the plaintiff's position would be improved by construing this instrument as a contract of conditional sale. When the defendant took the goods the plaintiff was clearly in default, and the legal title was vested in the defendant. Nevertheless the plaintiff seeks in his complaint to hold him for conversion by reason of a wrongful taking. The sole possible right of action on the part of the plaintiff is for the recovery of the amount paid on the contract upon allegations and proof of failure upon the part of the defendant to sell the property, as provided by section 65 of the Personal Property Law, and it is quite clear that the trial justice gave judgment for the plaintiff as if the action had been brought under this section. Aside, however, from the fact that no such a cause of action is pleaded, and that the undisputed testimony is that the plaintiff after the taking requested the defendant to sell as his agent, and acquiesced in a private sale so held, the Municipal Court has no jurisdiction over such a cause of action. Seabott v. Wanamaker (Second Department) 164 App. Div. 531, 150 N. Y. Supp. 223, followed by this court in Edelson v. Wagman, 88 Misc. Rep. 514, 151 N. Y. Supp. 40; and Appellate Term of the Second Department, in Johnson v. Wissner, 152 N. Y. Supp. 1090. Judgment must therefore be reversed.

Judgment reversed, with costs, and complaint dismissed, with costs. All concur.