CABELLO v. HARBURGER et al.

(Supreme Court, Appellate Term, First Department.　May 9, 1916.)

1. Courts ⬮188(6)—Jurisdiction—Municipal Court.

　　Since the Municipal Court derives its powers exclusively from statute, under Municipal Court Code (Laws 1915, c. 279) § 6, subd. 2, giving it general jurisdiction of an action to recover chattels, not exceeding $1,000 in value, with or without damages for the taking or detention, and section 73, excepting from its jurisdiction actions of conversion or replevin arising on a contract of conditional sale of personalty, the Municipal Court has no jurisdiction of an action for the conversion of films, of the value of $750, sold under a conditional sale contract.

　　[Ed. Note.—For other cases, see Courts, Cent. Dig. § 458; Dec. Dig. ⬮188(6).]

2. Courts ⬮188(6)—Jurisdiction—Municipal Court.

　　Where a conditional sale contract provided that, in case of default of payment, plaintiff might consider the agreement void, his action for conversion of the goods so sold was nevertheless based on conditional contract of sale, since in the absence of contract he would have had no right of action whatever.

　　[Ed. Note.—For other cases, see Courts, Cent. Dig. § 458; Dec. Dig. ⬮188(6).]

3. Courts ⬮188(6)—Municipal Court—Jurisdiction—Nature of Recovery Sought.

　　Where the complaint alleged a conditional contract of sale of films, and that the defendant broke the contract by failure to make the payments as required, and sought recovery of the films and of a judgment for money damages, the action was one of conversion in spite of the claim for money damages.

　　[Ed. Note.—For other cases, see Courts, Cent. Dig. § 458; Dec. Dig. ⬮188(6).]

4. Action ⬮28—Waiver of Tort—Suit in Assumpsit.

　　Plaintiff, whose personalty is converted by defendant, may waive the tort of conversion and sue in assumpsit for the value of the goods; but,

if they were obtained under a conditional contract of sale, the action is nevertheless one based on a conditional sale.

[Ed. Note.—For other cases, see Action, Cent. Dig. §§ 196–215; Dec. Dig. ☞28.]

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by Ferdinand L. Cabello against Joseph L. Harburger and another. Judgment against defendant Harburger, and he appeals. Reversed, and complaint dismissed.

Argued March term, 1916, before LEHMAN, PENDLETON, and WHITAKER, JJ.

Steiner & Petersen, of New York City (Jerome Steiner and Joseph H. Kohan, both of New York City, of counsel), for appellant.

Harry E. Herman, of New York City, for respondent.

WHITAKER, J. The action was brought against the defendants to recover the sum of $750 for the conversion by the defendant Harburger of motion picture films. The complaint alleged that the plaintiff was the owner of the property in question; that on or about the 1st day of September, 1915, the plaintiff let and sold to said defendant Harburger, by agreement in writing, the property in question, at certain rentals. These rentals were to be paid in advance in installments, and in default of the payment of any one of the installments all defendant's rights thereunder should cease, and plaintiff should be immediately entitled to the possession of the property; should defendant pay the installments the property was to belong to defendant; that the plaintiff delivered the property to defendant pursuant to such agreement; that defendant Harburger failed to pay various installments, and that by reason thereof plaintiff elected to terminate the agreement and has become entitled to a return of the property and the possession thereof; that plaintiff demanded the return of the property, and defendant Harburger refused to return the same; that after the execution of the contract the other defendants became possessed of such property with the knowledge of the contract between plaintiff and Harburger, and with knowledge of the default of Harburger to make the payments required by the contract; that plaintiff also demanded the other defendants to return the property, and they refused, "and wrongfully and fraudulently removed and secreted said chattels from plaintiff, and converted them to their own use." Plaintiff demands judgment against defendants for the sum of $750.

The defendant Harburger appeared and interposed an answer, admitting the contract, but denying all other allegations. The action was tried, and resulted in a judgment for plaintiff, from which defendant Harburger appeals to this court.

There are only two errors alleged by the defendant: First, that the court had no jurisdiction of the action; second, that the court erred in not allowing the defendant Harburger to introduce evidence that defendants had subrented the films. An examination of the agreement shows that it was a conditional sale, the installment payments being denominated rentals.

[1] The Municipal Court derives its powers exclusively from statute. Section 6 of the Municipal Court Code prescribes its general jurisdiction, and provides that it shall have jurisdiction in "an action to recover a chattel or chattels, the aggregate value of which does not exceed one thousand dollars, with or without damages for the taking or detention thereof." This provision is general in its scope. The general grant of jurisdiction is subsequently qualified by section 73, which provides as follows:

"No action of conversion or replevin arising on an instrument mentioned in section seventy shall be maintained against the conditional vendee, lessee or mortgagor."

In section 70 "a contract of conditional sale of personal property" is specifically mentioned. Reading these sections together, they are not inconsistent. Subdivision 2 of section 6 is general in its scope, and refers to actions where the defendant has property in his possession belonging to the plaintiff, without specifying the manner in which the defendant acquired such possession. Under that general provision, standing alone, the Municipal Court would, I think, have jurisdiction of an action for conversion. Section 73, however, has excepted from that general provision actions for conversion where the possession has been acquired under "a conditional sale." It will be observed that section 73 also prohibits an action of "replevin" where the right arises under a conditional sale. Still sections 57 and 58 grant full jurisdiction in replevin actions.

It is apparent, therefore, that the statute has expressly provided that the Municipal Court shall not have jurisdiction in actions for conversion founded on conditional sales; and it is also apparent, from all the legislation upon the subject, prior to the new Municipal Court Code, that it has been the general policy of the Legislature to deny to the Municipal Court jurisdiction of actions or proceedings arising from conditional sales of personal property. Before the passage of the new Municipal Court Code, the question was fully settled by judicial authority, and I do not think there has been any change in this practice since the new Municipal Court Code went into effect. I presume the object of prohibiting such actions in the Municipal Court was for the protection of ignorant and poor people.

[2] The respondent makes the point that inasmuch as the contract provides that "in case of default in any of said payments said Fred L. Cabello may elect to consider this agreement void," the respondent could have and has declared the contract void, and therefore there is no longer any "conditional contract of sale" and the action is not founded on such a contract.

This position of the respondent is, I think, untenable. If there had been no contract, the plaintiff would have had no cause of action. It was the contract which gave plaintiff his right of action, and the contract is "a conditional sale," and all of plaintiff's rights arose therefrom and are based thereon. The defendant's possession of the property is founded on the contract of conditional sale.

[3] That the action is one for conversion I do not think can be denied. The facts alleged in the complaint constitute an action for

conversion. It is true that in the plaintiff's prayer for relief he does not ask for a return of the property or a judgment for its value, but only a judgment for a specific sum; but the prayer for relief does not change the nature of an action at law, and as matter of fact the form of the judgment and the record indicate that the action was tried and determined as one for conversion, although plaintiff's counsel avoided making a definite declaration, and the court made no direct ruling upon the question.

[4] While it is true that under the law as it now stands in this state the plaintiff could have waived the tort of conversion and sued on assumpsit (Terry v. Munger, 121 N. Y. 161, 24 N. E. 272, 8 L. R. A. 216, 18 Am. St. Rep. 803), still the foundation for the action would be the original agreement of conditional sale. The fact that the judgment entered in the case provides for a body execution is conclusive, as indicating that the court determined finally, although it refused to so unqualifiedly declare upon the trial, that the action was as matter of fact conversion, and that the plaintiff did not waive the tort and sue on assumpsit.

Judgment should be reversed, with $30 costs, and the complaint dismissed, with costs.

PENDLETON, J., concurs. LEHMAN, J., concurs in the result.