GRACE DEAN, Respondent, *v.* CARL BAUER and FREDERICK BAUER, Appellants.

(Supreme Court, Appellate Term, Second Department, September, 1917.)

Jurisdiction — of Municipal Court of city of New York — contracts — sales — trial — appeal — Municipal Court Code, §§ 70, 73.

The Municipal Court of the city of New York has jurisdiction of an action to recover the sum of $285, paid by plaintiff under a contract for the conditional sale of a piano alleged to have been retaken by defendants from plaintiff in violation of section 65 of the Personal Property Law.

Where defendants admit the contract, the amount paid and the retaking, but claim that the retaking was pursuant to an agreement for the rescission of the contract of sale or of a modification thereof, the decision of the trial court upon the question whether plaintiff consented to the retaking will not be disturbed on appeal.

There is nothing in section 70 of the Municipal Court Code which in any way restricts or extends the jurisdiction of said court and section 73 of said Code has no application to the present action, which is neither for conversion nor in replevin.

APPEAL by defendants from a judgment of the Municipal Court of the city of New York, borough of Brooklyn, sixth district, in favor of the plaintiff and against the defendants.

Appellate Term, Second Department, September, 1917.   [Vol. 101.

Samuel Weinstein, for appellants.

Frank W. Harris, for respondent.

JAYCOX, J.   The action was brought to recover the sum of $285, the amount alleged to have been paid by the plaintiff, pursuant to a conditional sale of a piano, by reason of the alleged unlawful retaking of said piano by the defendants from the plaintiff, in violation of section 65 of the Personal Property Law.

The defendants admit the contract; admit the amount paid and also the retaking, but they claim that the retaking was pursuant to an agreement for the rescission of the contract of sale or the modification of the original contract. They also claim that the Municipal Court has . no jurisdiction of an action under section 65 of the Personal Property Law.

The question as to whether the retaking was with the consent of the plaintiff or not has been passed upon by the court below and its decision should not be disturbed.   Perhaps this court might have reached a different conclusion in the case had the case been tried before it originally, but the court below had the advantage of seeing the witnesses, and this is a great advantage and should not be lost sight of by us.   The Appellate Division of this department decided in *Seabott* v. *Wanamaker,* 164 App. Div. 531, that the Municipal Court had no jurisdiction of an action under section 65 of the Personal Property Law.   Since then, the Municipal Court Code has been adopted, and the question is as to whether it now has such jurisdiction.   Section 6 of the Municipal Court Code gives the court jurisdiction when the amount claimed does not exceed $1,000, exclusive of interest and costs, of an action upon a contract, express or implied, other than the contract to marry.   In *Seabott* v. *Wanamaker, supra,* it was

decided that an action of this character is an action upon a contract and that under section 139 of the Municipal Court Act the court had no jurisdiction of the action. That section provided that no action shall be maintained in this court which arises on a contract of conditional sale of personal property. This provision has now been omitted. It is, however, claimed that the court has no jurisdiction of such an action by reason of the provisions of sections 70 and 73 of the Municipal Court Code. Section 70 reads as follows:

"Section 70. *What deemed lien on chattel.* For the purpose of this article a chattel mortgage to secure the purchase price of chattels as well as a contract of conditional sale of personal property and a hiring of personal property, where title is not to vest in the person hiring until payment of a certain sum, shall be deemed a lien upon a chattel; and an action to foreclose such a lien may be maintained."

I see nothing in this which in any way restricts or extends the jurisdiction of the Municipal Court. It merely defines a lien for the purpose of the article in which the section is found. The other section read as follows:

" Section 73. *When other actions not maintainable.* No action of conversion or replevin arising on an instrument mentioned in section 70 shall be maintained against the conditional vendee, lessee or mortgagor."

This is not an action of conversion or replevin, and therefore section 73 has no application to it. My opinion is that the court has jurisdiction of the action, and the judgment should be affirmed.

The appellant cites one case in which apparently the Appellate Term of the first department says that there has been no change in the practice. That case is *Cabello* v. *Harburger,* 95 Misc. Rep. 227. The action was for conversion, and under the section just quoted

above there has been no change in the practice as to such an action and the Municipal Court has no jurisdiction thereof.

The judgment should be affirmed, with twenty-five dollars costs.

CLARK and BENEDICT, JJ., concur.

Judgment affirmed, with costs.