MARY CAHILL, Respondent, *v.* OTTO WISSNER, Appellant.

(Supreme Court, Appellate Term, Second Department, January, 1918.)

Municipal Court Code, § 181 — construction of — Municipal Court of city of New York.

Jurisdiction — of Municipal Court of city of New York — actions — judgments — Municipal Court Code.

> The prohibition of section 181 of the Municipal Court Code against the retroactive effect thereof is to be construed as affecting substantive rights and not those that are purely remedial.
>
> After the dismissal, for want of jurisdiction, of a Municipal Court action, the plaintiff, the subsequent assignee of the cause of action, instead of taking her case into a court of competent jurisdiction, did nothing until by the enactment of the Municipal Court Code she became ·entitled to seek her remedy in the Municipal Court of the city of New York and brought her action in that court. Upon affirming a judgment in her favor, *held,* that the Municipal Court Code neither increased nor diminished her substantive rights but simply gave her in addition to the then existing courts a new court in which to assert them.
>
> Benedict, J., dissents.

APPEAL from a judgment of the Municipal Court of the city of New York, borough of Brooklyn, second district, rendered February 27, 1917, in favor of the plaintiff.

Benjamin C. Ribman, for appellant.

Robert McLeod Jackson, for respondent.

CLARK, J.   As to all questions raised by the appellant the members of this court are in accord, except upon a single point, which requires the consideration of two questions: *First,* whether the Municipal Court

was without jurisdiction to entertain the instant action because the Municipal Court Code is declared not to be retroactive and, *second,* whether, in a prior action in the Municipal Court between plaintiff's assignor and the defendant, the dismissal of the complaint in that action rendered the controversy between the plaintiff and the defendant *res adjudicata,* or, in other words, conferred upon the defendant through the judgment of dismissal, a substantial property right which was beyond legislative interference.

In the language of counsel for the defendant, contained in his affidavit verified February 11, 1915, in an action in the County Court of Kings county, made part of the record herein, the dismissal in the prior action is explained in the following language: "The second action was dismissed after trial because of the fact that the Appellate Division of this department had very recently decided that the Municipal Court had no jurisdiction of an action of this nature." See *Seabott* v. *Wanamaker,* 164 App. Div. 531. Thus the dismissal of the complaint in the prior action in the Municipal Court was directed, not upon the merits, but for lack of jurisdiction.

Although undoubtedly bound by the litigation instituted by her assignor, the plaintiff, as well as her assignor, is, therefore, free of an adjudication on the merits in the prior action in the Municipal Court. It is, however, claimed that the judgment in that action became an inviolable property right, immune to legislative action. That a judgment may attain such immunity is clearly shown in the following cases: *Burch* v. *Newbury,* 10 N. Y. 374; *Gilman* v. *Tucker,* 128 id. 190; *Germania Savings Bank* v. *Suspension Bridge,* 159 id. 362; *Livingston* v. *Livingston,* 173 id. 377; *Matter of Greene,* 55 App. Div. 475. The principle to be extracted from the cases above cited seems

to be that legislative interference ends only where all rights and equities between the litigants have been heard and finally determined. Without analyzing all the cases cited above, reference may be had, by way of illustration, to the opinion of Ruger, Ch. J., in the *Gilman Case, supra,* where (at p. 204) he says: "After adjudication the fruits of the judgment become rights of property." The language quoted can be properly understood only after reading, on page 203 of the same case, that the judgment in question was "a final and unimpeachable judgment, not only establishing the plaintiff's right to the premises in dispute, but also awarding him a sum of money as costs." Turning to the *Livingston Case, supra,* in which (at p. 382) Gray, J., cites from the *Gilman Case, supra,* one reads that a statute is unconstitutional in so far as it confers a power upon the court to annul or vary "valid and final judgments rendered before the enactment of the statute." In the light of the principle enunciated in the two cases last cited can it be successfully maintained that the prior judgment of dismissal in the Municipal Court was either a final and unimpeachable judgment establishing the plaintiff's right, or a final and valid judgment?

A majority of this court is of opinion that the prohibition in section 181 of the Municipal Court Code against the retroactive effect of that Code is, in the instant case, to be construed as affecting substantive rights and not rights that are purely remedial. In the Municipal Court action the plaintiff, after dismissal of the action of her assignor in that court, could undoubtedly have taken her case into a court of competent jurisdiction. Instead of so doing, she postponed action until, by the enactment of the Municipal Court Code, she became entitled to seek her remedy in the Municipal Court. Thereupon she brought such

action in the Municipal Court and, from the judgment in her favor there recovered upon the merits, the instant appeal was taken. The act creating the Municipal Court Code neither increased nor diminished plaintiff's substantive rights. It simply gave her a new court, in addition to then existing courts, in which to assert her substantive rights. The new act may be regarded not as having continued the powers of an existing court but, for the purpose of this appeal, as having established a court theretofore non-existent, which the plaintiff became qualified to enter. If the plaintiff was not entitled to maintain her action, then the owner of a dishonored note for $750, which matured August 31, 1915, is barred from suing upon the note in the Municipal Court after the 1st day of September, 1915, when the Municipal Court Code took effect.

The judgment should be affirmed.

Jaycox, J., concurs.

Benedict, J. (dissenting). I find myself unable to concur with my associates in this case. It seems to me that the court below was without jurisdiction to entertain the present action, because by section 181 the Municipal Court Code was declared not to be retroactive. If I understand the reasoning of the prevailing opinion, it is in substance as follows: that the cause of action for damages accrued in favor of the vendee on August 7, 1913,— the time when the goods were seized by the vendor — and that then postponing, according to her undoubted right, any action for damages, the plaintiff's assignor waited. The fact that she could not at that time sue in the Municipal Court, did not, at that time, affect her substantive rights; she could then have sued in another court. For her, the

question was merely the selection of a court. September 1, 1915, the jurisdiction of the Municipal Court was so enlarged as to give her in that court the remedy she sought. She gained no additional substantive rights; as such rights had already been settled when the piano was seized.

If this had been all that she had done to enforce her substantive rights, I should concur in the result. The record before us, however, shows that her assignor, in whose shoes she stands, did not merely refrain from enforcing her substantive rights in the Municipal Court until the legislature opened the door of that forum to the assignor upon September 1, 1915. Two actions were begun by the assignor for the enforcement of her rights. The first of these actions lapsed under the provisions of the Municipal Court Act, because the justice was unable to decide the case within the time limited. The second action was begun in March, 1914, in the same court. The plaintiff demurred to the answer interposed by the defendant and the demurrer was sustained and judgment absolute granted in favor of the plaintiff. Upon appeal that judgment was reversed and leave to plead over granted. Thereafter, the defendant served an amended answer and the case came on for trial in the Municipal Court, which dismissed the complaint upon the ground that the court, as then constituted, did not have jurisdiction of the subject matter of the action. This decision followed the case of *Seabott* v. *Wanamaker,* 164 App. Div. 531. Judgment was duly rendered thereupon *dismissing the action* with fifteen dollars costs against the plaintiff's assignor. Subsequently an action was commenced in the County Court of Kings county for the same cause of action; and that having terminated inconclusively an action was begun in New Jersey, which likewise terminated. On September 1, 1915, the Municipal

Court Code went into effect, and it is in consequence of the change effected by that statute that the present action was begun, it being contended that the Municipal Court, as constituted under the Municipal Court Code, had obtained jurisdiction to entertain the action.

The point which I have attempted to make is that under section 181 of the Municipal Court Code that act was not retroactive so as to permit the present plaintiff to bring this action under the circumstances which have here been recited. This rests upon the proposition that the change in the law did not affect the plaintiff's substantive rights but only affected her remedy, and this was so because she had, through her assignor, already sought to enforce those rights in the Municipal Court in a prior action and had been unsuccessful in that effort to the extent that a judgment had been pronounced against her assignor dismissing the complaint upon the ground that the Municipal Court had no jurisdiction of the subject matter of the action.

The provision of the Municipal Court Code, which plainly says, in section 181, that it shall not be deemed to be retroactive in its effect, could not and did not give her a new remedy. This is so, as it seems to me, not because there is any vested right in the remedy which would avail the defendant as an estoppel against a new action by the plaintiff, but because the plaintiff is estopped by the judgment against her assignor, already pronounced in the Municipal Court. The defendant had, by force of the prior judgment of dismissal, a vested legal contractual right which could not be taken away from him by retrospective enactment, especially where, as in this case, the act itself, which confers the new remedy, distinctly declares that it shall not operate retroactively. This point I shall not enlarge upon here, because I think it is well estab-

lished by authority in this state, as well as in other jurisdictions. The subject is discussed at length by JUDGE JEWETT in *Burch* v. *Newbury,* 10 N. Y. 374, beginning at page 386 of his concurring opinion. His opinion has been adopted as sound in subsequent cases: *Germania Savings Bank* v. *Suspension Bridge,* 159 N. Y. 362. In that case the court says (p. 368): " A judgment is a contract which is subject to interference by the courts so long as the right of appeal therefrom exists, but when the time within which an appeal may be brought has expired, it ripens into an unchangeable contract and becomes property, which can be disposed of or affected only by the act of the owner, or through the power of eminent domain. It is, then, beyond the reach of legislation affecting the remedy, because it has become an absolute right which can not be impaired by statute. Remedies may be modified even as to pending actions, but no action can be regarded as pending when it has expanded into a judgment and the time to appeal has expired, or the only appeal allowed by law has been taken and decided." To the same effect is the case of *Livingston* v. *Livingston,* 173 N. Y. 377. Judge Gray in that case (p. 382) quotes from the case of *Gilman* v. *Tucker,* 128 N. Y. 190, where Chief Judge Ruger delivering the opinion of the court said: " We must bear in mind that a judgment has here been rendered and the rights flowing from it have passed beyond the legislative power, either directly, or indirectly, to reach or destroy. After adjudication, the fruits of the judgment become rights of property. These rights became vested by the action of the court and were thereby placed beyond the reach of legislative power to affect." Judge Gray continues: "So fixed and so inviolate are the rights secured by a judgment that any legislation, which attempts to deprive a party of their absolute

enjoyment, must be condemned. It has been quite recently held, in accordance with a line of authorities, that legislation conferring a right to appeal from a judgment, which, according to existing law, had become final, was violative of section VI of article I of the State Constitution, as depriving a party of his property in a vested right conferred by the judgment.'' See also *Matter of Greene,* 55 App. Div. 475, 482, citing cases. Also Wade, Retroactive Laws, § 171.

For this reason I think that the judgment appealed from should be reversed and the case remanded for a dismissal of the complaint.

Judgment affirmed.