MARY CAHILL, Respondent, *v.* OTTO WISSNER, Appellant.

Second Department, June 7, 1918.

Court — Municipal Court, City of New York — jurisdiction — res adjudicata — prior dismissal of action for lack of jurisdiction no bar to action under enlarged jurisdiction — prior actions terminated without determination upon merits — statutes — construction of statute declared not to be retroactive.

A plaintiff may maintain in the Municipal Court of the City of New York an action of which that court has jurisdiction since the present Municipal Court Code took effect on September 1, 1915, although in an action

between the same parties brought prior to said date, the case was dismissed because said court had no jurisdiction thereof. The dismissal on the ground aforesaid involved no adjudication upon the merits and created no vested right in the defendant, or estoppel upon the plaintiff. So, too, the plaintiff is not estopped although a prior action brought in the Municipal Court terminated because judgment was not rendered within statutory time, and a second action brought in a County Court was discontinued upon stipulation, and a third action brought in the District Court of another State resulted in a judgment for the defendant upon the ground that the statutes that were the basis of the action were not applicable in that State.

Under section 181 of the Municipal Court Code, which provides that " this act shall not be retroactive nor shall it create a vacancy in any office or employment," the jurisdiction of the court is to be determined by the law at the time an action is brought.

When it is declared that a statute shall not be retroactive, it is in effect declared that it shall not destroy or impair vested rights, or create a new obligation or a new duty, or attach a new disability to a past transaction.

The general rule against retrospective construction does not control a statute affording a remedy, or a rule of procedure in enforcing a right.

PUTNAM, J., dissented, with opinion.

APPEAL by the defendant, Otto Wissner, from a judgment, order and determination of the Appellate Term of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 27th day of November, 1917, affirming a judgment of the Municipal Court of the City of New York, Borough of Brooklyn, Second District, and also, as stated in the notice of appeal, from the judgment of the Municipal Court.

*Benjamin C. Ribman* [*Irving Ribman* with him on the brief], for the appellant.

*Robert McLeod Jackson*, for the respondent.

JENKS, P. J.:

This appeal from an order of affirmance by the Appellate Term was allowed by the justices of that court. The present New York City Municipal Court Code took effect on September 1, 1915, this action was begun in the Municipal Court on October 17, 1916, and there seems to be no question that the Municipal Court had jurisdiction thereof. But theretofore there had been four other litigations instituted by the assignor

of this plaintiff against this defendant. Of the learned justices of the Appellate Term, two were of opinion that the principle of *res adjudicata* was not available to the defendant in this action, but the third was of opinion that the plaintiff was " estopped by the judgment against her assignor, already pronounced in the Municipal Court," and that " The defendant had, by force of the prior judgment of dismissal, a vested legal contractual right which could not be taken away from him by retrospective enactment, especially where, as in this case, the act itself, which confers the new remedy, distinctly declares that it shall not operate retroactively" (102 Misc. Rep. 313).

I think plaintiff was not " estopped " and that the defendant had no " vested legal contractual right " perforce of the said former judgment " already pronounced in the Municipal Court." The history of that judgment is as follows: The action was begun prior to September 1, 1915, and so before the present Municipal Court Code took effect. The plaintiff's demurrer to the answer was sustained, and the plaintiff gained judgment absolute. Upon appeal the Appellate Term held that the demurrer was well taken, but that the defendant should have had leave to plead over, and consequently reversed the judgment. The defendant answered, the case was tried, and while *sub judice* the judgment in *Seabott* v. *Wanamaker* (164 App. Div. 531) was handed down, that decided the Municipal Court had no jurisdiction of that kind of action. The Municipal Court thereupon dismissed the plaintiff, with costs.

All that was determined in the prior action is that the court did not have jurisdiction. There was no adjudication upon the merits. In *Clark* v. *Scovill* (198 N. Y. 284) the court, per VANN, J., say: " The first and second issues involved the merits, but the third did not, and since the court did not have jurisdiction, as we held on a former appeal in this action, obviously it could not pass upon any issue involving the merits. (*Clark* v. *Scovill*, 191 N. Y. 8.) A court without jurisdiction cannot determine an action on the merits, but can simply dismiss for want of power to try." In *Hughes* v. *United States* (4 Wall. 232, 237) the court, per FIELD, J., after stating that the petition was dismissed for

want of jurisdiction, etc., say: "It requires no argument to show that judgments like these are no bar to the present suit. In order that a judgment may constitute a bar to another suit, it must be rendered in a proceeding between the same parties or their privies, and the point of controversy must be the same in both cases, and must be determined on its merits. If the first suit was dismissed for defect of pleadings, or parties, or a misconception of the form of proceeding, or the want of jurisdiction, or was disposed of on any ground which did not go to the merits of the action, the judgment rendered will prove no bar to another suit." Freeman on Judgments (4th ed. § 264) says: "There can be no doubt that the dismissal of an action for want of jurisdiction is not a judgment on the merits, and cannot prevent the plaintiff from subsequently prosecuting his action in any court authorized to entertain and determine it," citing *inter alia, Smith* v. *McNeal* (109 U. S. 426); *Smith* v. *Adams* (24 Wend. 585); *Blin* v. *Campbell* (14 Johns. 432). In *Smith* v. *Adams* (*supra*) BRONSON, J., says: "When the bill is dismissed for want of jurisdiction, we, in effect, say to the party, 'we will not listen to your complaint — it belongs to another forum — go to the proper court and litigate the matter there.' There is an apparent incongruity in dismissing the bill for want of jurisdiction, and at the same time making a decree which concludes the party as to any portion of the merits of the controversy when he resorts to the proper forum for redress." (See, too, 2 Black Judg. [2d ed.] § 693.)

All that could avail the defendant in the nature of "contract" or "vested right" or "estoppel" with respect to the present action perforce of the said prior judgment, was that the court had adjudged that it did not have jurisdiction of that kind of action when that action was begun. But this avails nothing to the defendant in this action if the court had jurisdiction of the present action when it was instituted.

The other three litigations did not involve the merits so as to arm the defendant in defense of the action at bar. The first, brought in the Municipal Court, terminated because a judgment was not rendered within the statutory time; the second, brought in a County Court, was discontinued upon

stipulation; the third, instituted in the First District Court of Jersey City, N. J., resulted in a judgment for the defendant upon the ground that the statutes that were the basis of plaintiff's action were not applicable in that State. Freeman on Judgments (Vol. 1 [4th ed.], § 261) says: " Judgments of Nonsuit, of Non Prosequitur, of Nolle Prosequi, of Dismissal, and of Discontinuance are exceptions to the general rule that when the pleadings, the court, and the parties are such as to permit of a trial on the merits, the judgment will be considered as final and conclusive of all matters which could have been so tried.". In *Loeb* v. *Willis* (100 N. Y. 235) the court, per EARL, J., say: " If a suit be discontinued at any stage, or the judgment rendered therein be set aside, or vacated, or reversed, then the adjudication therein concludes no one and it is not an estoppel or bar in any sense."

The learned justices of the Appellate Term are not unanimous in their views of the construction and application of section 181 of the Municipal Court Code, which reads as follows: " This act shall not be retroactive nor shall it create a vacancy in any office or employment." If the statute is not retroactive, but prospective only, it certainly must apply to actions begun after the statute became effective, consequently to the present action, and, therefore, the jurisdiction of the court as to it is determined by the present law. The action at bar is not in the category of litigation pending at the time the statute extended the jurisdiction of the court, for the present action was instituted only after the statute became effective. The legislative declaration against retroaction *expressly* but makes the statute prospective. When it is declared that a statute shall not be retroactive, it is in effect declared that it shall not destroy or impair vested rights or create a new obligation or a new duty, or attach a new disability to past transactions. (*City of New York* v. *Foster*, 148 App. Div. 258, 261; affd., 205 N. Y. 593.) Such legislative declaration against retroaction *impliedly* could but import that there was to be no disturbance of vested rights and the like. But what possible " vested right " could be asserted by the defendant as preserved by this legislative declaration against retroaction? There had never been any adjudication upon the merits of the controversy. True, the

court had once adjudicated in a prior action that it did not have jurisdiction of this kind of action, but the Legislature had extended the jurisdiction in that respect before the present action was instituted. Did the defendant have the vested right that the jurisdiction should not be extended by the Legislature? Did defendant have the vested right that because the plaintiff once could not sue on the cause of action in the Municipal Court, she was precluded forever from suit in that court although the Legislature enlarged the jurisdiction? Did such legislation create a new obligation or a new duty, or attach a new disability, when it afforded an additional forum of redress to the plaintiff? These questions are answered by the statement that " There is no vested right in any particular remedy." (*Berry* v. *Clary*, 77 Maine, 482, 486; *Republic of Costa Rica* v. *Erlanger*, L. R. 3 Ch. Div. 69; *Larkin* v. *Saffarans*, 15 Fed. Rep. 149.) In the language of OVERTON, J., in *Jones* v. *Jones* (2 Overt. 5): " Retrospective, here was inserted from abundant caution. It was intended to embrace, rights, and not modes of redress. The last, from the nature of things must be left open to legislative modification." (See, too, Wade Retroactive Laws, § 217.) I may add that the general rule against retrospective construction does not control a statute affording a remedy or the rule of procedure in enforcing a right (*Myers* v. *Moran*, 113 App. Div. 427, 428), and if section 181 is referable otherwise, the rule obtains.

The cases cited to us present the existence of judgments upon the merits, or decisions that involve a suit pending. They may be discriminated generally from the case at bar in that there has been no prior judgment upon the merits and that the present action was not a suit pending when the statute became effective.

The order of the Appellate Term should be affirmed, without costs.

THOMAS and BLACKMAR, JJ., concurred; PUTNAM, J., read for reversal; RICH, J., not voting.

PUTNAM, J. (dissenting):

I agree that the prior dismissals and discontinuances of of plaintiff's proceedings did not create any " vested " rights.

Everything turns on the word " retroactive." Sometimes " retroactive " and " retrospective " denote statutes raising new obligations or attaching new disabilities to transactions and rights already past. But in that sense such proviso would be superfluous, as the Legislature has no such power. (*Matter of Miller*, 110 N. Y. 216, 223.) It should be assumed that the Legislature did not intend to violate the Constitution, and, therefore, needed no such proviso.

I cannot bring myself to the view that by process of construction we can read this broad clause, " This act shall not be retroactive " (N. Y. City Mun. Ct. Code [Laws of 1915, chap. 279], § 181), so as to reduce it to the common formula: " This act shall not affect any action or proceeding now pending."

An important change was being introduced into a judicial system touching a large part of the people. Mindful of such innovation, the Legislature might well limit its effect to that prospective field for new statutes, which, in the words of EARL, Commissioner, is " to furnish a rule of future action to be applied to cases arising subsequent to its enactment." (*New York & Oswego M. R. R. Co.* v. *Van Horn*, 57 N. Y. 473, 477.)

Often enlargement of court jurisdiction may be beneficially retroactive. But the Legislature may have good grounds for opening this wider door only to future, and not to past, controversies.

Looking at certain changes in the Municipal Court Code of 1915, ample grounds appear for making the enlarged jurisdiction prospective. Take the instance of corporations. By this act the jurisdiction extends over a foreign or domestic corporation, whether or not it had a city office (§ 6, subd. 4), although by the Municipal Court Act of 1902 (Laws of 1902, chap. 580, § 1, subd. 18, as amd. by Laws of 1905, chap. 513), such jurisdiction, like that of the County Court, was maintainable only where the corporation had an office in the city. (See *Degnon* v. *Cook & Wilson*, 98 Misc. Rep. 251.) Is it reasonable that all foreign railroads and financial corporations were thus made suable in a local municipal court on any matter not barred by the Statute of Limitations? Should such suits be thus invited on past causes and claims? Then this

act went to the verge of the constitutional power when it gave the right to " state and determine the account between partners after dissolution or other termination of their partnership relation." (§ 6, subd. 1).

Other peculiarities of this legislation might well incline the Legislature to limit the operation of so great a change in the people's courts. As I read this section 181, they shut off such retroactive effects. The municipal courts were enlarged and opened for new and fresh causes based on controversies then to arise. This gives the mandate of section 181 that literal sense which I think respect for the Legislature requires us to apply to its carefully chosen wording.

Order of the Appellate Term affirmed, without costs.